**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RAYMOND EDWARD GILL | : | |
|     Petitioner | : | |
| v | : | Civil Action No. JFM-09-644 |
| UNITED STATES OF AMERICA | : | (Related Crim. Case No. B-86-231) |
|     Respondent | : | |

o0o
**<u>ORDER</u>**

The above-captioned motion to vacate was filed on March 12, 2009.[1]  Petitioner also filed a motion to proceed in forma pauperis.  Paper No. 2.  A filing fee is not required for a motion to vacate filed pursuant to 28 U.S.C. § 2255; therefore, the motion to proceed in forma pauperis will be denied as moot.

The instant motion, also docketed in two other civil cases, concerns three separate criminal cases.  *See United States v. Gill*, Crim. Case No. WEB-86-11 (D. Md.) and *United States v. Gill*, Crim. Case No. WEB-86-04 (D. Md.).  In the criminal case at issue here, *United States v. Gill*, Crim. Case No. B-86-231 (D. Md.), petitioner was charged and convicted of escape; he filed a motion for reduction of sentence on July 18, 1986, which was subsequently denied on September 3, 1986.[2]

To the extent the motion for reduction of sentence filed in 1986 was a motion to vacate, the instant motion is successive and subject to dismissal without prejudice, pending petitioner's

To the extent the instant motion is construed as petitioner's first motion to vacate, it is time-barred.  A one-year period of limitation is imposed on prisoners seeking to file a motion to vacate. Under the provisions of the statute, the limitation period runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

---

[1] The motion to vacate concerns petitioner's 1986 bank robbery conviction.

[2] Due to its age, the case has been archived.  Accordingly, a copy of the criminal docket sheet will be docketed with this Memorandum for reference.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In cases where the conviction was final before the Antiterrorism and Effective Death Penalty Act of 1996 was signed into law, the filing limitation was one year from the effective date of April 24, 1996, or until April 23, 1997. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Petitioner has clearly not met the filing deadline.

Equitable tolling of the one year filing deadline is available in "'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchison*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . .

action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

In accordance with *Hill,* this memorandum, together with the attached order, is notice to petitioner that the claims raised in his motion to vacate will be dismissed as untimely unless he provides this court with information that establishes he is (i) entitled to the benefit of the exceptions provided in 28 U.S.C. §2255, or (ii) entitled to an equitable tolling of the statute of limitations. Petitioner will be given thirty days to furnish this information to the court. A separate order follows

May 8, 2009                                        /s/
Date                                                    J. Frederick Motz
                                                            United States District Judge